UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**VOTE.ORG,**

    Plaintiff,

v.                                                       Case No. SA-21-CV-00649-JKP-HJB

**JACQUELYN CALLANEN, in her
official capacity as the Bexar County
Elections Administrator; et al.,**

    Defendants,

**KEN PAXTON, in his official capacity
as the Attorney General of Texas; et al.,**

    Intervenor Defendants.

## ORDER DENYING MOTION TO DISMISS

Before the Court is a motion to dismiss and for judgment on the pleadings filed by Defendant Attorney General Ken Paxton (ECF No. 53), in which Defendants Lupe C. Torres and Terrie Pendley join (ECF No. 65). With the filing of a response (ECF No. 56) and reply (ECF No. 63), the motion is ripe for ruling. For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiff Vote.org describes itself as a nonprofit, nonpartisan voter registration and get-out-the-vote technology platform. Vote.org's mission and outreach activities include: (1) using technology to simplify political engagement, increase voter turnout, and strengthen American democracy; (2) working extensively to support low-propensity voters, including racial and ethnic minorities and younger voters who tend to have lower voter-turnout rates; and (3) helping Texans register to vote and verify registration status. Defendants are Texas county administrators who serve as voter registrars and oversee voter registration activities.

In a complaint for declaratory and injunctive relief, Plaintiff challenges § 13.143(d-2) of the Election Code; it provides:

> For a registration application submitted by telephonic facsimile machine to be effective, a copy of the original registration application containing the voter's original signature must be submitted by personal delivery or mail and be received by the registrar not later than the fourth business day after the transmission by telephonic facsimile machine is received.

Tex. Elec. Code § 13.143(d)(2). The pending motion to dismiss challenges Plaintiff's standing to bring this case, Fed. R. Civ. P. 12(b)(1), and the sufficiency of the complaint, Fed. R. Civ. P. 12(c).

## II. Rule 12(b)(1)

In evaluating a Rule 12(b)(1) challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied that jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). "A district court may dispose of a motion to dismiss for lack of subject matter jurisdiction based 'on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (quoting *Robinson v. TCI/US West Communs.*, 117 F.3d 900, 904 (5th Cir. 1997)). Dismissal of the action is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

"[S]tanding is essential to the exercise of jurisdiction." *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989). An "organization can establish standing in its own name" by demonstrating (1) it suffered (or will suffer) an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant (causation); and (3) that is likely to be redressed by a favorable judicial decision (redressability). *OCA-Greater Houston v. Texas*, 867 F.3d 604, 610 (5th Cir. 2017); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The injury alleged . . . need not be substantial; it need not measure more than an identifiable trifle." *Id.* at 612. But it must

be "particularized," it "must affect the plaintiff in a personal and individual way" and "concrete," "it must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339-40 (2016). And allegations of a future injury must establish "at least a 'substantial risk' that the injury will occur." *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

Organizations can establish injury in fact under two theories: "associational standing" or "organizational standing." *Mi Familia Vota v. Abbott*, 497 F. Supp. 3d 195, 208 (W.D. Tex. 2020) (citing *OCA-Greater Houston*, 867 F.3d at 609-10); *Tenth St. Residential Ass'n v. City of Dallas, Texas*, 968 F.3d 492, 500 (5th Cir. 2020). Plaintiff does not assert associational standing. And the Court previously concluded that the complaint sufficiently alleges an injury in fact under the organizational standing theory. ECF No. 49. The analysis and conclusion therein apply equally here.

As to causation, the complaint alleges Section 13.143(d)(2), is a codification of the "wet signature rule" announced by then Secretary of State Rolando Pablos, under which the named Defendants rejected "all [voter] registration applications prepared using the e-signature function of Plaintiff's web application." ECF No. 1 at 2. The codification of the rule means that (1) any future applications prepared using the app will also be rejected, making Vote.org's voter registration app obsolete in Texas and (2) the Texans Vote.org serves will be denied the opportunity to submit a voter registration by fax without first having to print the application form or obtain it from a voter registration application distribution site such as the county "Voter Registrar office, libraries, government offices, or high schools."[1] Moreover, a hard copy application requires the registrant to have access to a scanner and computer or a stand-alone fax machine in order to fax the hard-copy application to the County registrar. Thus, Plaintiff sufficiently alleges causation. *See Bennett v. Spear*, 520 U.S. 154, 169 (1997) (demonstrating a causal connection is sufficient to allege causation).

---

[1] Site list obtained from https://www.texas.gov/living-in-texas/texas-voter-registration/.

To satisfy redressability, a plaintiff must show "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). The relief sought need not completely cure the injury, however; it is enough if the desired relief would lessen it. *See Sanchez v. R.G.L.*, 761 F.3d 495, 506 (5th Cir. 2014). However, "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, (1998). A favorable ruling may allow Vote.org to again offer its voter registration app to prospective Texas registrants and allow the organization to redistribute the resources diverted to counteract the impact of the statute. Additionally, prospective registrants will again be allowed to register to vote without having to print the form or travel to an application distribution site and without having to have access to a printer, a scanner, a computer, or a stand-alone fax machine. The most a registrant will need is their mobile phone, a scrap of paper, and a pen. Accordingly, Plaintiff's alleged injury is redressable by a favorable ruling.

### III. Rule 12(c)

The standard for determination of a Rule 12(c) motion is the same as that for determination of a Rule 12(b)(6) motion for dismissal for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). Dismissal of an action is warranted when the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Defendants' arguments to dismiss Plaintiff's claims under 42 U.S.C. § 1971 and 42 U.S.C. § 1983 on the grounds that § 1971 does not allow a private right of action and an organization cannot allege personal injury under § 1983 have been rejected by this District and the Eleventh Circuit. *See Texas Democratic Party v. Hughs*, 474 F. Supp. 3d 849, 858-860 (W.D. Tex. 2020) (collecting cases recognizing a private cause of action under §§ 1971, 1983), *rev'd on other grounds*, 860 F. App'x 874 (5th Cir. 2021); *Schwier v. Cox*, 340 F.3d 1284, 1294-1297 (11th Cir. 2003) ("we hold that the provisions of section 1971 . . . may be enforced by a private right of action under § 1983). *Hughs* and *Schwier* so thoroughly addressed the issues, this Court finds no reason to further elaborate and, in the absence of binding Fifth Circuit precedent, adopts the reasoning in those persuasive opinions, which allowed voter registrant plaintiffs (*Schwier*) and political party plaintiffs (*Hughs*) to pursue actions under § 1971 and § 1983.

Additionally, the Court does not find support for Defendants' contention that Plaintiff's § 1971 claim fails because it does not allege racial discrimination. *Broyles v. Tex.*, cited by Defendants, relies on *Kirksey v. City of Jackson*, 663 F.2d 659, 664 (5th Cir. 1981), for the proposition that "only racially motivated deprivations of rights are actionable under § 1971," 618 F. Supp. 2d 661, 697 (S.D. Tex. 2009). But *Kirksey*, and *City of Mobile, Ala. v. Bolden*, 446 U.S. 55 (1980), upon which *Kirksey* relies, address § 2 of the Voting Rights Act of 1965 (VRA) (previously 42 U.S.C. § 1973, now 52 U.S.C. § 10301), not the Civil Rights Act of 1964 (CRA) (previously 42 U.S.C. § 1971, now 52 U.S.C. § 10101).

Section 2 of the VRA provides: "No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision to deny or abridge the right of any citizen of the United States to vote on account of race or color." 42 U.S.C. § 1973. And subsection b of § 2 provides: "A violation of subsection (a) is established if, . . . , it is shown that the political processes leading to nomination or election in the State or political

subdivision are not equally open to participation by members of a class of citizens protected by subsection (a)[.]" *Id.* *Bolden* observed, "it is apparent that the language of § 2 no more than elaborates upon that of the Fifteenth Amendment, and the sparse legislative history of § 2 makes clear that it was intended to have an effect no different from that of the Fifteenth Amendment itself," as § 2 was enacted specifically to prohibit states from discriminating against African American voters with "almost a rephrasing of the 15th Amendment," 446 U.S. at 60–61. This Court is not aware of any such pronouncement from the Supreme Court regarding § 1971 nor does the relevant section of the CRA contain a provision, like §2 of the VRA, which defines how a violation is established. Moreover, the plain language of the sections, "on account of race or color" (§ 1973 / § 10301) and "any individual" (§ 1971 / § 10101) are strong indicators of the persons the sections intend to protect. Consequently, the Court cannot find that a failure to allege racial motivation bars Plaintiff's § 1971 claim.

The remainder of Defendants' motion focuses on the merits of Plaintiff's claims, rather than the sufficiency of the complaint. These arguments prematurely focus on the constitutionality of Tex. Elec. Code § 13.143(d)(2), which the Court cannot assess until after discovery.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES** Defendants Paxton, Torres, and Pendley's *Motion to Dismiss and for Judgment on the Pleadings* (ECF No. 53).

**It is so ORDERED this 17th day of December 2021.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**